PEOPLE ex rel. BRADY v. CLEMENT, State Com'r of Excise, et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1910.)·

Appeal from Special Term.

Certiorari by the People, on the relation of Peter F. Brady, against Maynard N. Clement, State Commissioner of Excise, and another.   From a certain order and determination in favor of relator, respondents appeal.   Reversed, and writ dismissed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Robert J. Fish, for appellants.

E. B. Barnum, for respondent.

PER CURIAM.   Order and determination of the Special Term reversed, and writ of certiorari dismissed, with costs, on the authority of Matter of Application of Hermann Ahlers (decided herewith) 127 N. Y. Supp. 61.

---

(142 App. Div. 541.)

### BEVAN v. ROACH.

(Supreme Court, Appellate Division, Second Department.   January 31, 1911.)

EVIDENCE (§ 155*)—ADMISSION BY REASON OF EVIDENCE OF ADVERSE PARTY.
    Plaintiff and her witnesses, in an action for fraudulent representations, whereby she was induced to make a certain purchase, having been allowed to state what was said to her and them by defendant, and it being conceded by plaintiff that her husband, since deceased, was her agent in the purchase, and whether he was not the purchaser himself being a vital issue, defendant was entitled to give his version of the transaction, and could not be limited to interviews with plaintiff and her witnesses, but could testify to the information he had got before making any representations, and what he said to plaintiff's husband respecting it.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 445–458;  Dec. Dig. § 155.*]

Appeal from Trial Term, Kings County.

Action by Marie A. Bevan against John J. Roach.   From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals.   Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

John P. East, for appellant.

John Larkin (R. S. Hull, on the brief), for respondent.

PER CURIAM.   The plaintiff alleges that defendant made false and fraudulent representations to induce her to buy certain stock, and that, relying thereon, she purchased the same.   The burden was with the plaintiff to show (1) that defendant made material representations to induce the purchase of the stock;  (2) that defendant knew that they were untrue;  (3) that plaintiff relied thereon in making the purchase;  and (4) that she was damaged thereby.

The false representations charged in the complaint are that certain prominent persons controlled the corporation, the stock of which was